UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MILES DARNELL BAXTER,<br><br>　　　　　　Defendant. | Nos. CR-01-0128-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR RE-SENTENCING |

**THIS MATTER** came before the Court on Defendant's motion for "re-sentencing and/or sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)." (Ct. Rec. 65). Assistant United States Attorney Timothy J. Ohms represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

Defendant pled guilty to Distribution of Cocaine Base, Distribution of Over 5 Grams of Cocaine Base, and Maintaining an Establishment for the Purpose of Manufacturing, Distributing or Using a Controlled Substance (Counts 2, 3, 5, 6, and 37 of the Second Superseding Indictment) and, on June 17, 2002, was sentenced to a term of 192 months imprisonment pursuant to the Rule 11(e)(1)(C) plea agreement.

ORDER DENYING DEFENDANT'S MOTION . . . - 1

Defendant's sentence was adjusted because he was a career criminal. U.S.S.G. § 4B1.1. The appropriate offense level for a Career Offender, when the statutory maximum sentence for the offense is 25 years or more, is level 34. *Id*. Defendant received a Career Offender enhancement which gave him an offense level of 34 and a Criminal History Category of VI. A three level reduction for acceptance of responsibility resulted in a Total Adjusted Offense Level of 31. Defendant's guideline range, based on an adjusted offense level of 31 and a criminal history category of VI, was 188 to 235 months. Defendant was sentenced at the lower end of the guideline range, 192 months incarceration.

**DISCUSSION**

The sentencing guidelines for crack cocaine offenses have been amended. *Guidelines Manual* (2007), Appendix C, Amendment 706. The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (Cocaine Base) listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other substances. This amendment became effective on November 1, 2007. As of March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007 are authorized pursuant to 18 U.S.C. § 3582(c)(2). *U.S. v. Ross*, 511 F.3d 1233, 1237 n. 2 (9th Cir. 2008).

Defendant's motion for re-sentencing requests a reduced term of imprisonment. (Ct. Rec. 65 at 3). Defendant contends his sentence ///

ORDER DENYING DEFENDANT'S MOTION . . . - 2

should be reduced based on Amendment 706 to the guidelines.  (Ct. Rec. 65).

Defendant, however, received a Career Offender enhancement pursuant to U.S.S.G. § 4B1.1 which gave him an offense level of 34 and a Criminal History Category of VI.  Because Defendant was sentenced as a Career Offender, his guideline range is unaffected by Amendment 706.  In other words, the enhanced offense level of 34 for being a Career Offender is not subject to the two level departure authorized by Amendment 706.  The enhancement to a level 34 is not based on the quantity of drugs involved, but rather on Defendant being at least 18 years old at the time he committed the offense of conviction, the instant offense was a felony that was a controlled substance offense, Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and the statutory maximum for the offense of conviction was "25 years or more."  *See*, U.S.S.G. §4B1.1(a) and (b); *see, also, U.S. v. Riviera*, 535 F.Supp.2d 527, 529-539 (E.D. Pa. 2008).

As discussed, Amendment 706 does not have the effect of lowering Defendant's applicable guideline range.  If an amendment to the guidelines does not change the original sentencing analysis, a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) is properly denied.  *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).  A reduction of Defendant's sentence is thus not authorized under Section 3582(c)(2).  Accordingly, Defendant's Motion For Re-Sentencing (**Ct. Rec. 65**) is **DENIED**.

///

1 **IT IS SO ORDERED.** The District Executive shall forward copies of this order to Defendant and to Assistant U.S. Attorney Timothy J. Ohms.

**DATED** this   8th   day of October, 2008.

<pre>
                    S/Fred Van Sickle
                    Fred Van Sickle
              Senior United States District Judge
</pre>

ORDER DENYING DEFENDANT'S MOTION . . . - 4